**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:98-cr-00108-HDM |
| | 3:17-cv-00200-HDM |
| Respondent/Plaintiff, | |
| vs. | ORDER |
| MATEO HERNANDEZ-De LUNA, | |
| Petitioner/Defendant. | |

Before the court is defendant Mateo Hernandez-De Luna's petition for relief under 28 U.S.C. § 2255 filed on March 31, 2017. (ECF No. 26).

On September 29, 1999, Hernandez-De Luna pled guilty to a one-count violation of 8 U.S.C. § 1326, unlawful reetry of a deported alien. On January 24, 2000, Hernandez-De Luna was sentenced to be imprisoned for a total term of seventy months and two years of supervised release. (ECF No. 21). On February 3, 2000, the judgment was amended to have the sentence run consecutively to the undischarged term of imprisonment for case CR96-1527 (a state court case). (ECF No. 22). Hernandez-De Luna did not appeal his conviction.

Pursuant to 28 U.S.C. § 2255, a federal inmate may move to vacate,

1

set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The statute imposes a strict one-year statute of limitation for the filing of such motions. *Id.* at § 2255(f). The one-year period runs from the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at § 2255(f). The defendant does not argue that his motion is timely based on any of the four events specified in § 2255(f). Rather, the defendant asserts that he "wasn't aware of any Appeal Rights." (ECF No. 26 at 11).

Even if the motion is untimely, the one-year statute of limitations on § 2255 is subject to equitable tolling, which applies when "extraordinary circumstances beyond [the movant's] control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (quoting *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)). If the defendant can prove that he has diligently pursued his rights and extraordinary

circumstances exist, the court may toll the one-year statute of limitations. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

Here, the amended judgment was entered on February 3, 2000. Defendant did not appeal his conviction. Defendant filed his motion for relief under 28 U.S.C. § 2255 on March 31, 2017, which is more than 17 years after entry of judgment. Therefore, under § 2255's one-year statute of limitations, the defendant's motion is untimely.

The defendant has failed to make a showing that he diligently pursued his rights or that extraordinary circumstances exist that would justify the tolling of the one year limitation period. The only reason he expresses for the 17 year delay in filing his motion is that he "wasn't aware of any Appeal Rights. . ." This reason is insufficient to establish any basis for the court to conclude that the defendant may have a colorable claim for equitable tolling. As such, the defendant is not entitled to equitable tolling and this court finds that his petition is untimely.

IT IS THEREFORE ORDERED that defendant Mateo Hernandez-DeLuna's petition for relief under 28 U.S.C. § 2255 (ECF No. 26) is **DENIED**.

IT IS FURTHER ORDERED that petitioner is **DENIED** a certificate of appealability.

DATED: This 9th day of May, 2017.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE